IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAINTAMAT PHARAT,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,

Respondents

3:26cv1941
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S EMERGENCY ORDER (SIC.) TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (Doc. 2)**

Pending is Petitioner's Emergency Order (sic.) to Show Cause for Preliminary Injunction and Temporary Restraining Order ("Petitioner's Emergency Motion"). (Doc. 2).

By way of Petitioner's Emergency Motion, Petitioner seeks a temporary restraining order and preliminary injunction:

> a) enjoining and restraining the Respondents during the pendency of this matter from transferring the Petitioner from his current detention facility, Moshannon Valley ICE Processing Center located at 555 GEO Drive, Philipsburg, PA 16866, to any other detention facility for any reason, not including his release, pending the resolution of this matter;
> b) enjoining and restraining the Respondents from taking any action regarding the transfer of the Petitioner into custody for the purposes of deportation without providing 72-hour notice to all undersigned counsel;
> c) putting a stay on the Petitioner's final order of deportation during the pendency of this matter;
> d) scheduling a fair bond hearing before an immigration judge within (3) three days;
> e) releasing the Petitioners on his own recognizance from ICE custody; and
> f) for such other and further relief as this Court may deem just and proper.

(*Id.* at 1-2).

As recently explained by the district court in *Fuller-Woodson v. Weaver et al*., Civ. No. 1:26-89, 2026 WL 2274545 (W.D. Pa. Aug. 7, 2026) (Baxter, J.):

> Temporary restraining orders and preliminary injunctions are governed under the same standard. *See Brown v. Wolf*, No. 2:16-cv-1081, 2026 WL 691386, *1 (W.D. Pa. Jan. 21, 20216), report and recommendation adopted, 2026 WL 688634 (W.D. Pa. Mar. 11, 20216). A preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Plaintiff bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty*., 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See id.; Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

*Fuller-Woodson*, 2026 WL 2274545, at *2. Further, Federal Rule of Civil Procedure 65(b)(1) provides: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1).

For the following reasons, the Court will deny Petitioner's Emergency Order (sic.) to Show Cause for Preliminary Injunction and Temporary Restraining Order (Doc. 2).

First, this Court lacks jurisdiction to "enjoin[] and restrain[] the Respondents during the pendency of this matter from transferring the Petitioner from his current detention facility, Moshannon Valley ICE Processing Center located at 555 GEO Drive, Philipsburg, PA 16866, to any other detention facility for any reason, not including his release, pending the resolution of this matter" or "enjoin[]and restrain[] the Respondents from taking any action regarding the transfer of the Petitioner into custody for the purposes of deportation without providing 72-hour

notice to all undersigned counsel." (Doc. 2 at 1). Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Second, to the extent Petitioner's Emergency Motion argues that Petitioner will suffer irreparable harm if he is removed from the United States by Respondents prior to his habeas petition being adjudicated, this Court lacks jurisdiction to issue an order preventing Respondents from executing a final order of removal. "Such relief arises from the Government's authority to execute a removal order and therefore falls squarely with [8 U.S.C.] §1252(g)." *Gopak v. Rokosky*, Civ. No. 2:25-cv-18592, 2026 WL 457260, at *2 (D. N.J. Feb. 18, 2026) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 482-83 (1999)).

Third, if this Court had jurisdiction to issue "a stay on the Petitioner's final order of deportation during the pendency of this matter" (which it does not, as explained, *supra*.), Petitioner also has failed to show irreparable injuries so to be entitled to a stay of a final order of removal where his claimed irreparable harms relevant to this request for relief are "injuries such as separation from family and homes, uncertainty about legal status, and difficulties with building a new life, such as healthcare and employment." (Doc. 2 at 6). As explained by the district court in *Gopak*, *supra*.: [T]he Supreme Court has held that removal does not automatically constitute irreparable injury, *Nken* [*v. Holder*], 556 U.S. [418, 435 (2009)]. The Court further recognized that removed individuals may continue pursuing judicial review and may obtain effective relief if successful. *Id*. Because Petitioner primarily identifies harm inherent in removal itself, irreparable injury has not been demonstrated." *Gopak*, 2026 WL 457260, at *2.

Fourth, with respect to Petitioner's remaining requests for relief (scheduling a fair bond hearing before an immigration judge within (3) three days, releasing the Petitioner on his own recognizance from ICE custody, and such other and further relief as this Court may deem just and proper), Petitioner's request seeks the same substantive relief sought by his Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief, *see* Doc. 1 at 15, and requests affirmative relief, rather than the maintenance of the status quo. A preliminary injunction or temporary restraining order is not an appropriate avenue for this type of relief.

Having so found, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of the lawfulness of Petitioner's detention, and relief, in the form of, at

a minimum, "a fair bond hearing before an immigration judge." (*Id.*). Consistent therewith, an expedited case management schedule will issue forthwith.

SO ORDERED this 5th day of October, 2026,
s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record