**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SAINTAMAT PHARAT,

Petitioner,

v.

U.S. Department of Homeland Security, ET AL.,

Respondents.

3:26cv1941

ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT GRANTING IN PART AND DENYING IN PART PETITIONER'S VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (Doc. 1)**

Pending is Petitioner Saintamat Pharat's's Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief. (Doc. 1).

## I. BACKGROUND

Petitioner filed his habeas petition on October 3, 2026. (Doc. 1).

On October 23, 2026, Respondents filed their response to Petitioner's habeas petition. (Doc. 11).

Petitioner had until October 28, 2026, to file a reply to Respondents' Response. (Doc. 7). To date, a reply has not been filed.

Accordingly, Petitioner's habeas petition has been thoroughly briefed and is ripe for adjudication.

## II. PARTIES' POSITIONS

Petitioner's habeas petition sets forth the following claims.

First, Petitioner claims: "Respondents are holding Petitioner in federal custody, in violation of multiple federal statutes, the U.S. Constitution and Petitioner's basic human rights. Accordingly, the Petitioner seeks a writ of habeas corpus compelling Respondents to immediately release him" (First Cause of Action). (Doc. 1. at 12).

Second, Petitioner claims Respondents have violated his rights to due process under the Fifth Amendment:

> 68. Petitioner also has a protected due process interest in his ability to pursue motion practice before immigration court and/BIA; pursuit of this process would be unlawfully terminated by removal.
>
> 69. Respondents' policies and actions, as set forth above, have infringed upon Petitioner's substantive liberty interest in being free from confinement.
>
> 70. Furthermore, Respondents' policies and actions have caused the Petitioner to be subjected to a period of prolonged confinement under custody, which has resulted in grave harm to him emotionally and physically.
>
> 71. Respondents' detention and removal of Petitioner from the United States without allowing him to exhaust his options in the United States either before an immigration judge and/or the BIA – whether successful or not – will violate the INA and the applicable regulations. Any efforts by Respondents to remove Petitioner, without allowing him to avail himself of the procedures created by the INA and its regulations, would violate due process.

(Second Cause of Action). (*Id*. at 13-14).

Petitioner's habeas petition asserts the following facts, which Respondents do not dispute: (1) Petitioner is a native and citizen of Haiti; (2) on January 31, 2024, Petitioner was paroled into the United States ("U.S") under HPP class of admission; (3) on or about July 8, 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement ("ICE"); (4) on August 27, 2026, Petitioner appeared before an immigration judge ("IJ") for a requested

custody redetermination hearing; (5) the IJ denied Petitioner's request for a change in his custody status, on the basis of "[l]ack of jurisdiction. Respondent is an arriving alien;" and (6) Petitioner is currently detained by Respondents at the Moshannon Valley Processing Center. (*Id.* at 6).

Petitioner's Prayer for Relief requests that the Court:

1. Assume jurisdiction over this matter and all attendant proceedings;

2. Enjoin Respondents from transferring Petitioner outside of his current detention center, Moshannon Valley ICE Processing Center located at 555 GEO Drive, Philipsburg, PA 16866, and/or any other detention center the Petitioner may have been and/or will be transferred to without undersigned counsel's knowledge, and further enjoin the Respondents from transferring the Petitioner to any other detention facility, not including his release, pending the resolution of this matter;

3. Enjoin Respondents from taking any action regarding the transfer of the Petitioner into custody for the purposes of deportation without providing 72-hour notice to all undersigned counsel;

4. Order the removal of any current or future electronic monitoring device attached to Petitioner's ankle;

5. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

6. Declare that the process as applied to Petitioner by Respondents violates the Due Process Clause of the Fifth Amendment, the INA, and federal regulations;

7. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately from his current custody, or schedule a fair bond hearing before an immigration judge within 3 days;

8. Stay Petitioner's removal from the United States until he exhausts all options available to him with immigration court, the BIA, and/or any other relevant agency;

9. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

10. Any other further relief this Court deems just and proper

(*Id*. at 14-15).

In opposition to Petitioner's habeas petition, Respondents first assert that this is an "arriving alien" case and thus, Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A), the decision of the United States Court of Appeals for the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), is not applicable to Petitioner, and Petitioner's detention is mandatory. (Doc. 11 at 3-4).

Respondents further posit that if the Court finds that the *Buele Morocho, supra*., decision is applicable to Petitioner and Petitioner's detention is governed by Section 1226(a), then an individualized bond hearing under Section 1226(a) in the immigration court satisfies due process. (*Id*. at 4).

Respondents' Response to Petitioner's habeas petition asserts the following facts, which Petitioner has not disputed: (1) "Petitioner arrived at John F. Kennedy Airport in New York on a commercial flight from his native Haiti on January 31, 2024. He presented to immigration officials his unexpired Haitian passport along with a letter authorizing travel under the Haitian Family Reunification Parole program. After immigration officials verified his identity, Petitioner was paroled into the United States with authorization to remain for a period of three years, ending on January 29, 2027;" (2) "ICE subsequently terminated Petitioner's Temporary Protective Status on June 15, 2025;" and (3) ICE "arrested Petitioner as part of a targeted enforcement operation" in Binghamton, New York. (*Id*. at 1-2) (citations to exhibit omitted).

Respondents also have submitted an I-213 Form dated July 9, 2026, which was completed with respect to Petitioner, and the August 27, 2026 Order of the IJ with respect to Petitioner's custody redetermination hearing, which stated: "The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented,

the respondent's request for a change in custody status is hereby ordered: . . . Denied, because Lack of jurisdiction. Respondent is an arriving alien." (Doc. 11-1, Doc. 11-2).

**III. FINDINGS AND RULINGS**

In *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), the Court of Appeals for the Third Circuit recently concluded, with respect to two (2) petitioners who had entered the U.S. without inspection years prior to their being detained by ICE in the interior of the U.S., that their detention was governed by Section 1226, and not Section 1225(b), because "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders." *Buele Morocho*, 189 F.4th at 299.

The Court finds that the reasoning and conclusions set forth by the Court of Appeals for the Third Circuit in *Buele Morocho, supra.*, are applicable to Petitioner, whose at-issue detention occurred in interior of the U.S. years after Petitioner arrived in the U.S, and not when Petitioner arrived in the U.S., and therefore, Petitioner's detention is governed by Section 1226(a), and not Section 1225(b)(2)(A).

The Court further finds that because Petitioner's detention is governed by Section 1226(a), Petitioner's detention without a bond hearing violates his rights under the INA and the Fifth Amendment's Due Process Clause.

The Court further finds, under the facts of this case, that the appropriate relief to which Petitioner is entitled is a bond hearing pursuant to Section 1226(a), and not, as Petitioner requests, immediate release.

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing pursuant to Section 1226(a) to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) enjoining "Respondents from transferring Petitioner outside of his current detention center, Moshannon Valley ICE Processing Center located at 555 GEO Drive, Philipsburg, PA 16866, and/or any other detention center the Petitioner may have been and/or will be transferred to without undersigned counsel's knowledge, and further enjoin[ing] the Respondents from transferring the Petitioner to any other detention facility, not including his release, pending the resolution of this matter;" (2) requiring Respondents to remove "any current or future electronic monitoring device attached to Petitioner's ankle;" (3) staying "Petitioner's removal from the United States until he exhausts all options available to him with immigration court, the BIA, and/or any other relevant agency;" and (4) awarding "Petitioner attorney's fees

and costs under the Equal Access to Justice Act, and on any other basis justified under law." (Doc. 1 at 14-15).

More specifically, as explained when denying Petitioner's "Emergency Order (sic.) to Show Cause for Preliminary Injunction and Temporary Restraining Order" (Doc. 2), this Court lacks jurisdiction to enjoin "Respondents from transferring Petitioner outside of his current detention center, Moshannon Valley ICE Processing Center located at 555 GEO Drive, Philipsburg, PA 16866, and/or any other detention center the Petitioner may have been and/or will be transferred to without undersigned counsel's knowledge, and further enjoin[ing] the Respondents from transferring the Petitioner to any other detention facility, not including his release, pending the resolution of this matter." (*See* Doc. 6 at 2-3). Congress has vested the Secretary of Homeland Security and his/her delegates, such as ICE, with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen*., 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen*., 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen*., 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-

stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Further, as also explained when denying Petitioner's "Emergency Order (sic.) to Show Cause for Preliminary Injunction and Temporary Restraining Order" (Doc. 2), this Court lacks jurisdiction to issue an order preventing Respondents from executing a final order of removal and thus, the Court cannot issue an order that stays "Petitioner's removal from the United States until he exhausts all options available to him with immigration court, the BIA, and/or any other relevant agency." *See Gopak v. Rokosky*, Civ. No. 2:25-cv-18592, 2026 WL 457260, at *2 (D. N.J. Feb. 18, 2026) (explaining: "Such relief arises from the Government's authority to execute a removal order and therefore falls squarely with [8 U.S.C.] §1252(g).") (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 482-83 (1999)).

Additionally, with respect to Petitioner's request that Respondents be ordered to remove "any current or future electronic monitoring device attached to Petitioner's ankle," Petitioner's request "is too speculative to support a grant of habeas relief." *Cielo v. Warden*, Civ. No. 3:26-1055, 2026 WL 2204641, at *3 (N.D. Ind. July 30, 2026). *See also Tequida Valencia v. Baltazar*, Civ. No. 26-1869, 2026 WL 1453642, at *5 (D. Colo. May 22, 2026) (determining: "Mr. Tequida Valencia asserts that the Court should preemptively enjoin various actions the Government might take after his bond hearing. . . . But whether Respondents will take those actions in this case is purely speculative."); *Cabrera-Hernandez v. Bondi*, Civ. No. 5:25-197, 2025 WL 3684694, at *3 (S.D. Tex. Dec. 2, 2025) (same).

Moreover, the Court finds that because the *Buele Morocho, supra.*, decision addressed petitioners who were not identically situated to Petitioner and there is a split of authority amongst other federal courts of appeal and district courts as to whether the detention of a

petitioner similarly situated to Petitioner is governed by Section 1225(b) or Section 1226(a), Respondents' position was substantially justified in this case. Therefore, no costs or attorney fees shall be awarded to Petitioner pursuant to the EAJA or otherwise.

SO ORDERED this 4th day of November, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record